JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN RINGGOLD-LOCKHART, <br><br> Defendant, <br><br> GRETA CURTIS, ESQ., LAW OFFICES OF GRETA CURTIS, <br><br> Defendants Non-Parties, <br><br> vs. <br><br> MYER SANKARY, <br><br> Plaintiff, <br><br> CALIFORNIA COURT OF APPEAL SECOND APPELLATE DISTRICT DIVISION FIVE, PRESIDING JUSTICE PAUL TURNER, <br><br> Plaintiffs. | CASE NO. CV 12-10168-R <br><br> ORDER REMANDING ACTION AND IMPOSING SANCTIONS |

On December 6, 2011, this Court declared that Nina Ringgold and Justin Ringgold-Lockhart were vexatious litigants, thereby requiring them to obtain "permission from this Court prior to filing any action that relates to the Aubry Revocable Family Trust or the administration of state courts or probate courts." *Justin Ringgold-Lockhart, et. al. v. County of Los Angeles, et. al.*, Case No. CV 11-01725-R, Doc. No. 122.

Subsequently, Ms. Ringgold filed two notices of removal relating to an appeal in state court concerning the Aubry Trust matter. In the first removal, she obtained an attorney to represent her and her son, Mr. Ringgold-Lockhart. *See Nina Ringgold, et. al. v. Sankary*, Case No. CV 12-8905-R. The Court granted the Respondent's Motion to Remand on December 17, 2012.

In the second removal, which is the instant action, Ms. Ringgold is purportedly acting as an attorney for her former-attorney, Greta Curtis, Esq., who represented her in the underlying probate proceedings. However, she is also obviously asserting the interests of her son, Mr. Ringgold-Lockhart. This Court held a hearing on December 17, 2012, for an Order to Show Cause why this action should not be remanded as improperly removed for lack of subject matter jurisdiction and violation of the aforementioned vexatious litigant Order. As discussed below, the Court finds that this action must be remanded for lack of subject matter jurisdiction, and Ms. Ringgold should be sanctioned for willfully violating this Court's vexatious litigant Order.

### I. This Action Must Be Remanded for Lack of Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. Title 28 U.S.C. §1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. Title 28 U.S.C. §1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992). "The defendant also has the burden of showing that it has complied with the procedural requirements for removal." *Riggs v. Plaid Pantries, Inc.*, 233 F. Supp. 2d 1260, 1264 (D. Or. 2001).

Ms. Ringgold attempted to remove this action pursuant to the federal civil-rights removal statute, Title 28 U.S.C. §1443, which states:

> Any of the following civil actions or criminal prosecutions,

2

> commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

Ms. Ringgold has failed to establish that removal is permissible under Title 28 U.S.C. §1443 for several reasons. First, neither of her clients are defendants in the underlying civil action. Second, this matter falls within the probate exception to federal subject matter jurisdiction. Third, this Court should abstain from exercising jurisdiction under the *Younger* abstention doctrine. Fourth, Ms. Ringgold failed to identify any inability to enforce equal protection rights in the State court, as required by subsection one of Title 28 U.S.C. §1442. Fifth, Ms. Ringgold failed to identify a colorable conflict between state law and federal racial equality laws.

### A. **Mr. Ringgold-Lockhart and Ms. Curtis Are Not Defendants**

Title 28 U.S.C. §1443 permits a "defendant" to remove certain criminal or civil actions. Title 28 U.S.C. §1443. But neither Mr. Ringgold-Lockhart nor Ms. Curtis, as parties objecting to a state probate proceeding and continuations thereof, are "defendants" within the meaning of Title 28 U.S.C. §1443. *See, e.g., Ankele v. Johnson*, 2005 U.S. Dist. LEXIS 47221 (N.D. Cal. June 20, 2005) ("The Court granted Defendants' Request for Remand… for several reasons, including improper removal by a party who was not a 'defendant' in the original state action."); *Szanto v. Szanto Revocable Trust of 1991*, 2010 U.S. Dist. LEXIS 75403 (N.D. Cal. June 28, 2010) ("That Order explained that removal is a defendant's option; [the removing party] is not a defendant."). Ms. Ringgold insists the Respondent is a Plaintiff but cites no authority indicating her clients are Defendants. Thus, this action must be remanded.

/ / / / / / /

/ / / / / / /

### B. This Action Falls Within the Probate Exception to Federal Subject Matter Jurisdiction

In the interest of judicial economy, once a probate proceeding has begun in state court, it should remain there until it is concluded. *Dragan v. Miller*, 679 F.2d 712, 714 (7th Cir. 1982). Just as matters of pure probate are not within federal court jurisdiction, neither are matters which are continuations of a probate proceeding or a method of procedure ancillary to the original probate. *Id*. at 715. A "suit is 'ancillary' to probate in the practical sense that allowing it to be maintained in federal court would impair the policy served by the probate exception to federal diversity jurisdiction." *Id*. at 715-16.

Here, exercising jurisdiction over this matter would interfere with the underlying probate proceeding. Indeed, Ms. Ringgold's objective appears to be interfering with the underlying probate proceeding considering the numerous, frivolous objections and claims she has filed. This Court previously summarized Ms. Ringgold's and Mr. Ringgold-Lockhart's litigation history in its vexatious litigant Order:

> Here, Plaintiff's litigation history is extensive, running for years and occurring in both federal and state court, and resulting in numerous motions, appeals, ex parte applications and at least two applications for Writs of Certiorari.
>
> Plaintiffs have brought two different actions before this Court, CV 09-9215 and CV 11-1725. The 2009 action featured a 110-page first amended complaint with sixteen causes of action and named at least twelve defendants, including a number of officials with the County of Los Angeles, the Superior Court of Los Angeles and various Judges. The 2011 action featured a 31-page complaint with eleven causes of action and again named the County of Los Angeles, as well as other county and state officials, including Governor Jerry Brown and Secretary of State Kamala Harris.
>
> The litigation before this Court has also consisted of numerous baseless motions brought by Plaintiffs, including multiple Motions for Reconsideration, Motions to Vacate, various Ex Parte Applications, Motions for Relief From Judgment, etc. Almost without exception, Plaintiffs' motions have been unanimously denied by this Court for failure to show good cause. At least twenty baseless motions have been filed before this Court in these respective actions, and the number undoubtedly would have grown higher had the complaints not been dismissed at such early stages.

> In addition, the Court is mindful of the burden Plaintiff's litigation has placed on the opposing parties in these proceedings. The Defendants have been required to file numerous oppositions to Plaintiffs' filings, as well as make numerous appearances before this Court and file their own motions throughout. …
>
> Plaintiffs have also brought fruitless appeals before the Ninth Circuit Court of Appeals … and the United States Supreme Court, in the form of at least two petitions for Writ of Certiorari that were both denied… The Court understands that other appeals are currently pending before the Ninth Circuit as well.
>
> The state court litigation is even more extensive – and frivolous. In fact, it should be noted that Plaintiff Nina Ringgold has already been deemed a vexatious litigant by the Superior Court of Los Angeles, a ruling that was affirmed by the California Court of Appeal… In that ruling, the Court of Appeal noted the "protracted litigation from Ringgold's various appeals and writ petitions." The Court noted that "she has repeatedly filed meritless papers here and in the probate court 'with numerous frivolous assertions."

*Justin Ringgold-Lockhart, et. al. v. County of Los Angeles, et. al.*, Case No. CV 11-01725-R, Doc. No. 122, at 3-4.

It is clear that exercising jurisdiction over this matter would only further prevent the state courts from concluding this already-protracted probate proceeding. Thus, in the interest of judicial economy, the underlying probate proceedings and continuations thereof should remain in the state courts until such matters are concluded.

### C. The Court Should Abstain Under the *Younger* Abstention Doctrine

This Court also finds that the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971) applies to this action. Abstention under *Younger*, through which a federal court seeks to avoid interference with state court proceedings, "is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism*." San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1091-92 (9th Cir. 2008) (footnote omitted). A federal court "must abstain under *Younger* if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical

5

effect of doing so, *i.e.*, would interfere with the state proceeding in a way that *Younger* disapproves." *Id*. at 1092 (citing *Gilbertson v. Albright*, 381 F.3d 965, 978 (9th Cir. 2004) (*en banc*)). Younger abstention applies not only where a federal action would interfere with a state criminal proceeding, but also "to federal cases that would interfere with state civil cases and state administrative proceedings." *Id*. Abstention under *Younger* is the "exception rather than the rule." *Id*.

Here, *Younger's* requirements are strictly met. First, the state-initiated probate proceedings and continuations thereof are ongoing. Second, the consistent application of state probate laws is an important state interest. Moreover, the state has an important interest in regulating vexatious litigation in its courts. Third, neither party is barred from litigating federal constitutional issues in the state proceeding. Indeed, the alleged federal constitutional issues have been asserted on numerous occasions, though those claims were deemed frivolous. Fourth, as discussed above, exercising jurisdiction over this matter would only further prevent the state courts from concluding this already-protracted probate proceeding. Thus, the Court should abstain under the *Younger* abstention doctrine.

### D. Removal Is Improper Under Title 28 U.S.C. §1443(1)

Subsection one of Title 28 U.S.C. §1443 permits a defendant to remove when he or she is denied or cannot enforce in state court a right secured by a federal "equal civil rights" law. *See State of Georgia v. Rachel*, 384 U.S. 780, 788 (1966). The Supreme Court has articulated a two-part test to determine whether removal under Title 28 U.S.C. §1443(1) is proper. *Id. at* 788-92. "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights." *California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970) (*per curiam*), *cert. denied*, 402 U.S. 909 (1971)). "Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Id. at* 636.

/ / / / / / /

/ / / / / / /

6

In her 38-page Notice of Removal, Ms. Ringgold identifies numerous rights given by explicit statutory enactments protecting equal racial civil rights. However, she does not show that the asserted deficiencies in California's laws or state court procedures command the courts to ignore those rights. *See Greenwood v. Peacock*, 384 U.S. 808, 828 (1996) ("Under [Title 28 U.S.C.] §1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court."). Ms. Ringgold attempted to remove the appellate proceedings after Mr. Ringgold-Lockhart and his attorney, Ms. Curtis, were put on notice that the Court of Appeals was considering imposing sanctions against them for their vexatious appeal. California's policies and procedures aimed at thwarting vexatious litigation do not clearly command the deprivation of federal rights; instead, they are aimed at preserving the integrity of the judicial system, which is truly at stake here. Thus, removal is improper under Title 28 U.S.C. §1443(1).

### E. Removal Is Improper Under Title 28 U.S.C. §1443(2)

The "color of authority" clause of subsection two permits a defendant to remove when sued for acting under the color of law derived from a federal "equal rights" law. Removal under the "color of authority" clause is available only to "federal officers or agents and those authorized to act with or for them in affirmatively executing duties under federal law providing for equal civil rights." *Greenwood v. Peacock*, 384 U.S. 808, 824 (1966). Title 28 U.S.C. §1443(2) insists that the colorable conflict involve federal "racial equality" laws. The "refusal clause may be invoked when the removing defendants make a colorable claim that they are being sued for not acting pursuant to a state law, which, though facially neutral, would produce or perpetuate a racially discriminatory practice as applied." *Sexson v. Servaas,* 33 F.3d 799, 803 (7th Cir. 1994).

Ms. Ringgold alleges that removal is appropriate under Title 28 U.S.C. §1443(2) because her attorney, as an officer of the state court, was prohibited from presenting objectively reasonable arguments under federal law for equal racial civil rights. Assuming *arguendo* that Ms. Curtis qualifies as an "officer" under Title 28 U.S.C. §1443(2), the arguments presented by Ms. Curtis, as

Ms. Ringgold is well aware, have already been deemed frivolous by several courts. Accordingly, the California Court of Appeals considered sanctioning Mr. Ringgold-Lockhart and Ms. Curtis for asserting such frivolous claims. Again, California's laws and policies prohibiting flagrant abuses of the judicial process – especially as applied in this case – do not present colorable conflicts with federal racial equality laws. Thus, removal under Title 28 U.S.C. §1443(2) is improper.

## II. Ms. Ringgold Should Be Sanctioned For Willfully Violating This Court's Vexatious Litigant Order

A district court has the power to adjudge in civil contempt any person who willfully disobeys a specific and definite order of the court. *Shuffler v. Heritage Bank*, 720 F.2d 1141, 1146 (9th Cir. 1983). A person fails to act as ordered by a court when "[she] fails to take 'all the reasonable steps within [her] power to insure compliance with the [Court's] order.'" *Id*. at 1146-47 (quoting *Sekaquaptewa v. MacDonald*, 544 F.2d 396, 406 (9th Cir. 1976) (*cert. denied* 430 U.S. 931 (1977)). A court has wide latitude in determining whether there has been contemptuous defiance of its order. *Neebars, Inc. v. Long Bar Grinding, Inc*., 438 F.2d 47, 48 (9th Cir. 1971).

Sanctions for civil contempt can be imposed for one or both of two distinct purposes: (1) to compel or coerce obedience to a court order, *see, e.g., Shillitani v. United States*, 384 U.S. 364, 370-71 (1966); and (2) to compensate the contemnor's adversary for injuries resulting from the contemnor's noncompliance, *see, e.g., Gompers v. Bucks Stove & Range Co*., 221 U.S. 418, 448-49 (1911). As a procedural matter, before imposing sanctions on an attorney, the district court must afford the attorney notice and an opportunity to be heard. *Molski v. Evergreen Dynasty Corp*., 500 F.3d 1047, 1063 (9th Cir. Cal. 2007).

This Court afforded Ms. Ringgold notice and an opportunity to be heard by setting an Order to Show Cause concerning her compliance with this Court's prior Order. At the hearing, Ms. Ringgold argued that the December 6, 2011 Order does not apply to her in her capacity as an attorney representing Ms. Curtis. The Court rejects this argument for two reasons. First, it does not reflect a reasonable interpretation of the vexatious litigant Order. Although the Order carved out an exception for Ms. Ringgold to "continue her law practice as she sees fit," it is abundantly clear that this exception did not permit her to file any action relating to the Aubry Revocable

Family Trust or the administration of state courts or probate courts without obtaining this Court's permission. *See Justin Ringgold-Lockhart, et. al. v. County of Los Angeles, et. al.*, Case No. CV 11-01725-R, Doc. No. 122., at 7 ("Plaintiffs will need permission from this Court prior to filing *any action that relates to* the Aubry Revocable Family Trust or the administration of state courts or probate courts.") (emphasis added).  This matter undoubtedly relates to the Aubry Revocable Family Trust, the administration of state courts, and the administration of probate courts.  This Court did not grant Ms. Ringgold permission to file her Notice of Removal.  Thus, Ms. Ringgold has violated this Court's prior Order.

Ms. Ringgold's argument also lacks merit because it is clear that she is asserting the interests of Mr. Ringgold-Lockhart; throughout the Notice of Removal, she repeatedly argues that his federal rights have been violated.  Further, the violations of Ms. Curtis's rights derive from her alleged inability to assert Mr. Ringgold-Lockhart's rights.  While Ms. Ringgold designates herself as "Attorney for Greta Curtis, Esq. and Law Offices of Greta Curtis Defendant (Non-Parties)," Mr. Ringgold-Lockhart filed a Joinder in this matter, and Ms. Ringgold also attempted to file a Joinder in the first matter.  Mr. Ringgold-Lockhart's Joinder also maintains that "that there has already been a removal of the entire action," implying they should have been removed as one action.

Ms. Ringgold's shuffling of who represents whom only further highlights what is really at issue here: her abuse of the judicial process.  Her procedural maneuvers and frivolous arguments in support thereof do not reflect a good faith attempt to comply with the Order.  Instead, her tactics provide further evidence of her intent to continuously and flagrantly abuse the judicial process. "Flagrant abuses of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *DeLong v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990).  For these reasons, sanctions are appropriate to coerce Ms. Ringgold's obedience to the Order.

IT IS HEREBY ORDERED that this action is REMANDED.

IT IS FURTHER ORDERED that NINA RINGGOLD is to pay a fine of $5,000.00 to the Attorney Admission Fund of the United States District Court of California, Central District of California.

1       IT IS FURTHER ORDERED that this matter is referred to the State Bar of California for an assessment of NINA RINGGOLD'S conduct.

Dated: January 4, 2013.

                                                MANUEL L. REAL
                                    UNITED STATES DISTRICT JUDGE

10